# REPORTS OF CASES

# THE SUPREME COURT

OF

## WYOMING TERRITORY.

## MARCH TERM, 1878.

---

### DEAR v. TRACY.

EVIDENCE—BOOKS OF ACCOUNT.—Where a witness testified of his own knowledge that goods were delivered, and that the entries therefor were made at the same time by his clerks in his books of account: *Held,* that the delivery and charges being contemporaneous, it was immaterial whether the testimony of such clerks was introduced or not, as their testimony would only go·to the weight of the evidence.

ERROR to the First District Court for Laramie County.

A sufficient statement of the case appears in the opinion of the court.

*E. P. Johnson,* for plaintiff in error, cited: Sec. 320 Code Civil Pro.; Seneys' Code, secs. 288 and 435 to 441; 16 Ohio St. 273; 22 Id. 208.

*W. R. Steele* and *Wm. H. Miller,* for defendant in error, cited: 1 Greenleaf (Redfield ed.), secs. 117, 118, 120; Laws of Wyoming, pp. 73 and 74, secs. 319 and 320; *Anthony* v. *Stimpson et al.,* 4 Kansas, 211.

By the Court, PECK, J.　All the errors assigned were abandoned upon the argument but two.　These two are:

1. That the court below admitted, in evidence for the plaintiff (below, defendant here), the items of the account not shown to be in the handwriting of J. W. Dear.

2. That the court admitted Dear's evidence.　These two alleged errors appear by the transcript to be the same objections in different forms; the most explicit statement of which in the first-mentioned form means that the court admitted, in evidence for the plaintiff, the items of account not shown to be in the hand of Dear.　This furnishes the only question that is before us.　The petition below originally contained a count for goods sold and delivered and money lent; also a count for an account stated.　The latter was withdrawn upon the trial, leaving the suit simply one for goods and money.　The answer is the general denial. Annexed to the count for goods and money is an itemized copy of account as a specification of the goods and money sued for.　This copy of account contains other charges than for goods and moneys, as sundry charges for meal tickets, pool tickets, boarding, and games of billiards, which other charges, however, were not embraced in the cause of action; and if treated below as a basis of recovery, are here out of question.　The transcript shows that the plaintiff, to make out his case, produced his books of account, and testified: "These are my books of original entry and blotters of the store.　They show continuous dealings, and the entries were made at the times of the transactions, or supposed to be.　The entries are made by three parties—myself, my brother and George Knox.　They are my authorized clerks. My brother and Knox are in Nebraska.　I am positive the goods were delivered at the time the entries were made, but I can't swear to it.　Yes; I can swear to it."

The books were then offered in evidence and were admitted against the objection that no entries were admissible which were not shown to be or were shown not to be in the handwriting of the witness.　The objection was overruled,

and the exception to it is the exception in question. Speaking of his brother and Knox as his clerks, Dear says, "they are my authorized clerks;" but he was evidently using the present for the past tense, intending to convey the idea that they were his authorized clerks when they made those entries, and the district court must have so understood him. But if his use of the present tense is to be taken literally, making a defect of substance in his evidence, it was cured by his after statement that they "were" at the time in question his clerks.    Had the expression of the witness, "the entries were made at the time of the transactions or supposed. to be," stopped at the word transactions, it would have laid a complete foundation for the admission of the books; but the addition of the words "or supposed to be," takes from it that effect; "or supposed to be" means simply "as we, my brother, Knox and I understood;" that is, each understanding that the other two made their entries contemporaneously with the transactions covered by them. Dear's statement that the goods were charged as delivered made the books evidence as to the goods; but not as to the other charges, which were in suit; and that because the charges for the goods, the deliveries and charges being contemporaneous were a part of the *res gestœ* constituting each delivery and its corresponding charge one transaction; because the charges were so admissible it was immaterial whether the clerks were living or dead, within or without the jurisdiction, in or out of the court at the time of the offer, the absence of their testimony going only to the weight of the evidence of the books.    This accords with a clear, .well established and familiar principle of the common law, to prove which, elaborate citations are unnecessary: 1 Greenl. Ev., secs. 117, 118, 120.    It is unnecessary to pass upon section 320, at page 72 of the compiled laws; and we do not at all consider the statute in deciding the case.    The offer of the books, justly construed, was limited to the evidence which justified it, and therefore to the deliveries of which contemporaneous charges had been made.

The books were admitted simply upon this offer.   It is true that the transcript indicates quite clearly that having been admitted, the plaintiff below used them as proof of all the entries in the account embraced in the issue; but this was because the defendant, either by inadvertence or design, omitted to confine their use to the ruling.

The judgment below is affirmed; but without the five per cent. allowance permissible in cases of dilatory appeals.